In the Interest of J.W.M. and J.A.M.

Nos. 54353, 54367.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 29, 1988.

Timothy Michael Joyce, Warrenton, for appellant.

Carla Wood Tanzey, Government Counsel, Mexico, Brett & Erdel, for respondent.

CRANDALL, Presiding Judge.

Mother, J.K.M., appeals from the trial court's order terminating her parental rights in two minor children, J.A.M., born December 25, 1982, and J.W.M., born December 10, 1980.[1] We affirm.

On appeal, mother's sole contention is that the evidence was insufficient to terminate her parental rights. We therefore review the evidence under the standard enunciated in *Murphy v. Carron*, 536 S.W. 2d 30, 32 (Mo. banc 1976).

The termination proceedings were held in November 1987. At that time, the evidence adduced revealed that mother had been mentally ill for about eight to ten years. She had been hospitalized periodically for bizarre behavior and had received shock therapy. She was diagnosed as a paranoid schizophrenic. She had lived in a group home for the mentally ill from September 1985 to January 1987.

The psychiatrist who treated mother testified that she had delusions and hallucinated. She did not take the prescribed medication to control her behavior. She could not cope with stress. She required supervision to care for her basic needs. In his opinion, mother's paranoid schizophrenia was a permanent condition which rendered her incapable of caring either for herself or for her two children.

The two children were wards of the State and had been in foster care since March 1985. They had no emotional ties with their mother, who had visited with them only four times since January 1987. Mother also had paid only $15 in child support. There were no additional services which the Missouri Division of Family Services was able to offer mother to help her to reunite with her children. The children were doing well in foster care and the foster parents wished to adopt both of them.

Permanent severance of the parent-child relationship is an awesome exercise of power by the State. For this reason the authority seeking termination of parental rights must prove its case by clear, cogent and convincing evidence. § 211.447.2, RSMo (1986); *In the Interest of J.A.J.*, 652 S.W.2d 745, 748 (Mo.App.1983). The lower court's judgment is to be affirmed if it is correct under any reasonable theory supported by the evidence. *P.A.W. v. A.M.W.*, 716 S.W.2d 284, 287 (Mo.App.1986), *cert. denied* — U.S. —, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987).

Section 211.447.2(3)(c), RSMo (1986) provides:

2. The juvenile court may terminate the rights of a parent to a child upon a petition filed by the juvenile officer, if it finds that the termination is in the best

1. Father does not appeal the termination of his parental rights in the two children.

interests of the child and when it appears by clear, cogent and convincing evidence that one or more of the following grounds for termination exist:

\*     \*     \*     \*     \*     \*

(3) The child has been under the jurisdiction of the juvenile court for a period of one year, and the court finds that the conditions which led to the assumption of jurisdiction still persist, or conditions of a potentially harmful nature continue to exist, that there is little likelihood that those conditions will be remedied at an early date so that the child can be returned to the parent in the near future, or the continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home. In determining whether to terminate parental rights under this subdivision, the court shall consider and make findings on the following:

\*     \*     \*     \*     \*     \*

(c) A mental condition which is shown by competent evidence either to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control....

The court specifically found that termination of the mother's parental rights was in the best interests of the children. The children had no emotional ties with mother. Because of her repeated hospitalizations, they saw her only sporadically. Although she had a regular monthly income, mother failed to contribute to the cost of their care and maintenance. The children were doing well in foster care. The court's finding that the children's best interests required termination of mother's parental rights was supported by substantial evidence.

The court also found that the children had been in foster care since March 1985, a period of over one year. Further, the court found that there were no additional services available which would facilitate a return of the children to mother within an ascertainable period of time. There was sub-

stantial evidence to support these conclusions of the trial court.

Lastly, the court found that mother's mental condition was permanent and rendered her unable to knowingly provide the children with the necessary care, custody and control. The finding was based upon the uncontroverted testimony of the treating psychiatrist. He testified that mother suffered from chronic paranoid schizophrenia, a condition which would persist for the remainder of her life. He described mother as not responsible for her own care and as unresponsive to her own needs. He stated that mother could not cope with stressful situations. The overwhelming weight of the evidence supported the court's finding that mother's mental condition was not reversible and prevented her from caring for her children.

Given that the requirements under § 211.447.2(3)(c) were supported by substantial evidence in the record, the trial court did not abuse its discretion in terminating mother's parental rights. Mother's sole point on appeal is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.